IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPHINE STURDEVANT, | ) |
| Plaintiff, | ) Case No. 15-CV-643-JED-PJC |
| v. | ) |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

**I.    Background**

Before the Court is the Report & Recommendation (R&R) (Doc. 19) of United States Magistrate Judge Paul J. Cleary on review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying the plaintiff, Josephine Sturdevant, disability benefits. Judge Cleary recommends that the Court affirm the Commissioner's decision finding plaintiff not disabled. Ms. Sturdevant filed a timely Objection to the R&R, and she requests that the Court reject the R&R and remand for further administrative proceedings. (Doc. 20). Reviewing the Objection de novo, the Court has considered the Administrative Record (Doc. 11) (Record), the parties' briefs, the R&R, and the plaintiff's Objection, and concludes that the Commissioner's determination should be affirmed and the R&R should be accepted.

Judge Cleary accurately summarized the background of plaintiff's disability claim and the decision of the Administrative Law Judge (ALJ) (Doc. 19 at 3-4), and the Court adopts that summary. Plaintiff objects to the R&R on four grounds, which will be addressed below.

## II. Standard of Review

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." The Court's task of reviewing the Commissioner's decision involves determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* "It is 'more than a scintilla, but less than a preponderance.'" *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Martinez v. Barnhart*, 444 F.3d 1201, 1204 (10th Cir. 2006) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

## III. Specific Objections

### A. Conflict between agency doctors' RFC and ALJ's RFC

Although the ALJ stated that he was adopting the RFC assessments of state agency physicians Eisenhauer, M.D. and LMW, M.D., the ALJ's RFC differed from those doctors' RFC with respect to lifting restrictions. The ALJ assessed plaintiff's RFC as follows: "less than the full range of medium work . . . She can lift/carry or push/pull 50 pounds occasionally and 25 pounds frequently. She has the occasional use of her right leg for operation of foot controls. In an 8-hour workday, she can stand/walk for 2 hours [and] sit for 6 hours." (Record 18). With respect to lifting, the ALJ's RFC was generally consistent with much of plaintiff's hearing testimony. (*See*

2

*id.* 44, 50). In contrast, the RFC assessments of both agency doctors included lifting/carrying 20 pounds occasionally and lifting/carrying 10 pounds frequently (*id.* at 82, 91). Plaintiff argues that the ALJs inconsistency "highlights the fact the ALJ's RFC is unsupported by substantial evidence." (Doc. 20 at 1). The Court disagrees.

Notwithstanding the lifting limitations, the ALJ's hypothetical to the vocational expert limited plaintiff to sedentary jobs, and the vocational expert cited three jobs that do not require lifting beyond the weights identified by the agency physicians. (Record 71). The three jobs identified by the vocational expert were food order clerk, Dictionary of Occupation Titles (DICOT) 209.567-014, charge account clerk, DICOT 205.367-014, and addresser, DICOT 209.587-010. (*Id.*). Each of those are identified as "Sedentary Work" which includes "[e]xerting up to 10 pounds of force occasionally . . . and/or a negligible amount of force frequently," and "sitting most of the time, but may involve walking or standing for brief periods of time." *See* 1991 WL 671794 (food order clerk); 1991 WL 671715 (charge account clerk); 1991 WL 671797 (addresser). Accordingly, the Court agrees with Judge Cleary that any error by the ALJ in assigning weight to the agency physicians' RFCs was harmless. (Doc. 19 at 5). Likewise, the Court agrees with Judge Cleary's determination regarding Dr. LMW. (*Id.* at 5, fn.4).

### B. Obesity and Right Shoulder Impairment

Plaintiff contends that the ALJ failed to identify any limitations from plaintiff's obesity, even though the ALJ found obesity to be a severe impairment. The ALJ recognized that obesity "is now evaluated under the criteria . . . in SSR 02-1p," requiring consideration of the impact of obesity upon plaintiff's ability to perform work related activities. (Record 17-18). While he found it a severe impairment, the ALJ also found that her obesity "does not appear to be a contributory factor to her physical activity limitations or to her ability to do basic work activities." (*Id.* at 18).

3

Judge Cleary appropriately noted that the ALJ rightfully focused on plaintiff's functional limitations rather than on her status as an obese person, and cited supporting authority. (Doc. 19 at 6). The Court agrees with that analysis and finds no error in the ALJ's findings regarding obesity.

The ALJ also found plaintiff's right shoulder impairment was severe. (Record 17). Plaintiff asserts that the ALJ failed to identify any functional limitations related to her right shoulder impairment other than to limit lifting with her right arm. (Doc. 20 at 5). Thus, plaintiff asserts that the ALJ "should have limited plaintiff's reaching, pushing, and pulling due to her chronic right shoulder pain." (*Id.*). The ALJ identified medical records in which plaintiff was treated for right shoulder pain in 2012, but was subsequently found to have a normal range of motion in her shoulders in 2013. (Record 19). The ALJ's restrictions on lifting with the right arm and overall RFC are supported by substantial evidence. The Court does not find any error with respect to this issue.

### C. Third Party Statement

Plaintiff asserts that the ALJ ignored a third party letter by a former teacher, Kathryn Thompson, concerning plaintiff's reading and math levels. (Doc. 20 at 5, citing Record 260). In that letter, Ms. Thompson indicated that plaintiff was her student in public school and in GED preparation classes. According to Ms. Thompson, plaintiff's test scores reflected a high third to low fourth grade reading level, fourth to fifth grade in math, and third grade in English. (Record 260). Despite not expressly referencing the letter, the ALJ represented that he considered everything in the record, and the Court takes the ALJ at his word. *See Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009). The ALJ referenced and considered plaintiff's dyslexia and her claims that the dyslexia prevented her from obtaining a GED, and the ALJ also considered significant other evidence relating to whether plaintiff has any restriction due to dyslexia or other

mental capacity issues.  (*See, e.g.,* Record 17, 19-20).  In any event, the hypothetical given to the vocational expert included having a "limited education."  (*Id.* at 71).  The ALJ's determinations regarding dyslexia and plaintiff's educational abilities are supported by substantial record evidence.

        **D.**       **The ALJ's Evaluation of Plaintiff's Symptoms / "Credibility"**

Plaintiff asserts that the ALJ's RFC is not supported by his credibility determination, and indicates that the support for the ALJ's credibility determination "appear[s] to address Plaintiff's veracity, which is not an issue per SSR 16-3p."  (Doc. 20 at 7).  SSR 16-3p was not in effect until over a year after the ALJ's decision in this case.  Specifically, effective March 28, 2016, the Social Security Administration rescinded its policy interpretation ruling SSR 96-7p regarding "credibility" and superseded it with a new policy interpretation ruling, SSR 16-3p.  The purpose was to "eliminat[e] the use of the term 'credibility,'" as the regulations do not use that term, and to "clarify that subjective symptom evaluation is not an examination of an individual's character."  SSR 16-3p.  The new policy interpretation ruling was not in effect until March 28, 2016. Although the Tenth Circuit has apparently not addressed whether SSR 16-3p applies to ALJ decisions issued before the effective date, the Tenth Circuit has in a few cases recognized that SSR 96-7p was rescinded during the pendency of proceedings, but continued to apply it when considering agency decisions rendered before the effective date of the new ruling.  *See Paulsen v. Colvin*, 665 F. App'x 660, 663 (10th Cir. 2016) (unpublished); *Shelton v. Colvin*, 663 F. App'x 690, 696, n.5 (10th Cir. 2016) (unpublished).

Whether or not SSR 16-3p should be applied even though it was not effective at the time of the ALJ's decision, the Court finds that the processes required by SSR 96-7p and 16-3p are similar, and the ALJ's evaluation of plaintiff's symptoms was consistent with both.  Both of the

rulings: (1) make it clear that a claimant's symptoms, alone, are not sufficient to establish a disability; (2) require that the ALJ apply the seven regulatory factors in evaluating the intensity, persistence, and limiting effects of the plaintiff's reported symptoms; and (3) require that the ALJ determine whether the claimant's statements are consistent or inconsistent with the objective medical evidence and other record evidence. *Compare* SSR 96-7p *with* SSR 16-3p.

Under the new ruling, SSR 16-3p, the ALJ must first consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's symptoms. Second, the ALJ is to evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities. *Id.* While the terminology "credibility" was removed from the policy interpretation, the new policy interpretation ruling (SSR 16-3p) includes consideration of whether the claimant's statements about the persistence, intensity, and limiting effects of symptoms are inconsistent with the objective medical evidence and the other evidence, and notes that such inconsistencies will result in a determination that the symptoms are less likely to reduce capacities to perform work-related activities. *Id.* SSR 16-3p also provides that the ALJ "will explain which of an individual's symptoms we found consistent or inconsistent with the evidence in his or her record and how our evaluation of the individual's symptoms led to our conclusions."

The process used by the ALJ is consistent with SSR 16-3p. The ALJ specifically found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms" (Record 20), which is nearly identical to the language set forth in SSR 16-3p for the first step of the analysis. The ALJ then stated that "however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely

6

credible for the reasons explained in this decision." (Record 20). With the exception of the use of the term "credible," the use of which has been eliminated under the new ruling, the ALJ's determination abides by the second step of the analysis set forth in SSR 16-3p. The ALJ went on to cite substantial evidence supporting his determination that the plaintiff's symptoms were not consistent with the record evidence, which further abides by the new ruling in SSR 16-3p. (*See* Record at 20). Accordingly, whether SSR 16-3p or SSR 96-7p, which has now been superseded, is applicable to the appeal of the ALJ's evaluation of plaintiff's symptoms, the Court finds no error in the ALJ's determination.

### IV. Conclusion

Having found no reversible error in the ALJ's decision, upon concluding that the ALJ applied the correct legal standards and the decision is supported by substantial record evidence, and agreeing with Judge Cleary's R&R, the Court overrules plaintiff's Objection (Doc. 20). Accordingly, the Court **accepts** the R&R (Doc. 19) and the recommendation that the Commissioner's decision finding plaintiff not disabled be affirmed. Accordingly, the Commissioner's decision is **affirmed**. A separate Judgment will be entered forthwith.

DATED this 30th day of March, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE